In the Matter of UNITED CONSTRUCTION CONTRACTORS ASSOCIATION, INC., et al., Petitioners, v LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, June 3, 1976

*N. George Turchin, Morris Weissberg* and *Robert J. Krengel* for petitioners.

*Louis J. Lefkowitz, Attorney-General (Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. On October 19, 1971, petitioners executed a master apprentice training program agreement which was thereafter and on December 1, 1971 filed with and registered by the Apprentice Training Section of the New York State Department of Labor. The agreement provided for a five-year term of apprenticeship in which apprentices were to be given on-the-job training and experience by participating employers at wage rates specified therein and "organized instruction designed to provide the apprentice with a knowledge in technical subjects related to his trade." The organized instruction

was to be provided in evening classes at Metropolitan Evening Trade School conducted by the Board of Education of the City of New York and the instruction was to be not less than 144 hours per year. The contract also provided the ratio of apprentices to journeyman on a job. After the Department of Labor received a complaint that petitioners were violating the terms of the apprenticeship agreement, and after respondent met with petitioners' representative concerning the alleged violation, and after investigation by the Department of Labor on June 17, 1974, respondent served petitioners with a notice of proposed deregistration on the ground petitioners had failed to provide the training for apprentices as required by the apprenticeship agreement, that some employers participating in the program failed to pay mandated wages or used apprentices in excess of the prescribed ratio and that petitioners had failed to correct the deficiencies although they had been aware of them since June, 1973. Pursuant to the provisions of the regulations of the Department of Labor Regulations governing the registration of apprenticeship programs and agreements then in effect (12 NYCRR 601.7 [c]), petitioners requested a hearing. Pursuant to section 601.9 of said regulations, a panel of Apprenticeship Council was designated to conduct the hearing. After lengthy hearings the panel of seven, composed of an equal number of representatives of employers and employee organizations and the chairman of the Apprenticeship and Training Council, unanimously recommended deregistration. Respondent adopted the panel's recommendation and ordered petitioners' apprenticeship training program deregistered. Petitioners commenced this proceeding pursuant to CPLR article 78 to review respondent's decision to deregister petitioners' apprenticeship training program. Special Term granted an order transferring the proceeding to this court for review and enjoined the enforcement of respondent's decision pending review.

We have examined all of petitioners' claims and points and find them to be without merit. Article 23 of the Labor Law grants broad power to the Industrial Commissioner to supervise apprenticeship agreements and to maintain the standards thereof and to adopt rules and regulations necessary for the effective administration of apprenticeship programs. Effective administration requires the authority to deregister and discontinue an apprenticeship program that fails to conform to established standards. Paragraph (i) of subdivision 1 of section

811 of the Labor Law empowered respondent to adopt regulation section 601.7 (c) (12 NYCRR 601.7 [c]) to provide for deregistration on proof of noncompliance with established standards. Involved is a specific application of a broad statutory grant of authority. The administrative determination to adopt regulation section 601.7 (c) has reasonable basis in law and must be sustained (*Matter of Howard v Wyman,* 28 NY2d 434). Petitioners have no constitutional right to have this deregistration proceeding determined under the provisions of former section 601.7 (c), which was superseded by amended section 601.7 (c), which became effective June 3, 1974. The amended section prescribing the deregistration procedure was not applied retroactively.

There is no constitutional objection to applying a statute or a rule having the effect of a statute regulating procedure to a proceeding initiated after its effective date based on events occurring before its effective date. (*Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443; *Simonson v International Bank,* 14 NY2d 281.) Section 601.7 (c) created no substantive rights. It provides only the procedure on deregistration. It amply assures all parties adequate notice and hearing. We find substantial evidence in the record to support respondent's decision that petitioners and members of the United Construction Contractors Association, Inc., who participated in petitioners' apprenticeship program failed to comply with the terms of the apprenticeship agreement and failed to maintain the established standards. The apprenticeship agreement obligated petitioners to provide apprentices with 144 hours of classroom related instructions per year. Petitioners' Joint Apprenticeship Committee registered and obtained a negotiated reduction in the number of hours of instruction to 108 hours per year, without the knowledge or consent of respondent. Classes for instructions originally met twice a week for two hours a class. Upon reduction, the classes met for instructions once a week for three hours.

After the secretary of the Joint Apprenticeship Committee represented that the apprentices would thereafter receive 144 hours of instructions a year, a survey in April, 1974 revealed that out of 258 registered apprentices on the program only 91 were receiving the required classroom instructions. The record also supports respondent's finding that employers in petitioners' apprenticeship training program were engaging more apprentices in relation to journeyman on the jobs. The pe-

titioners cannot disassociate themselves from the conduct of the employers participating in the apprenticeship program. Petitioners were obligated to supervise the apprenticeship program to assure the accomplishments of the aims and objects thereof. The record substantiates the findings that since the inception of the apprenticeship program in 1961, 574 apprentices were registered and not a single apprentice completed both on-the-job training and the required 720 hours of related classroom instructions. The program failed to achieve its fundamental purpose. The record does not sustain the petitioners' claim that respondent discriminated against petitioners in the cancellation of their agreement. Petitioners' claim that respondent failed to take disciplinary action against competing contractors for alleged violations of similar apprenticeship programs remains an unsubstantiated charge. In view of the gross failure on petitioners' part to supervise the program and to maintain the standards thereof, we cannot say respondent abused his discretion in directing deregistration (CPLR 7803, subd 3). The discipline imposed is not so disproportionate to the offenses in light of the circumstances as to be shocking to one's sense of fairness *(Matter of Butterfly & Green v Lomenzo,* 36 NY2d 250). Petitioners may apply for reactivation of the program after three years (12 NYCRR 601.8).

The determination should be confirmed and the petition should be dismissed and the preliminary injunction restraining respondent from canceling the registration of petitioners' apprenticeship training program should be vacated.

GREENBLOTT, J. P., MAIN and LARKIN, JJ., concur.

Determination confirmed, petition dismissed, and preliminary injunction vacated, with costs.