■ In the Matter of EXPERT ELECTRIC, INC., et al., Appellants, v PHILLIP ROSS, as Industrial Commissioner, Respondent.—Judgment, Supreme Court,

New York County, entered March 7, 1978, denying petitioners' application and dismissing the petition in this article 78 proceeding, unanimously modified, on the law, to grant the petition only to the extent of fixing the date for reinstatement of petitioners' apprentice program after January 27, 1979, and otherwise affirmed, without costs or disbursements on the appeal. Respondent's order of May 1, 1975, deregistering the apprenticeship training program was, by its terms, "effective immediately." Judicial review of that order was sought in the Federal court (Expert Elec. v Levine, 554 F2d 1227, cert den 434 US 903), and by commencement of an article 78 proceeding (Matter of United Constr. Contrs. Assn. v Levine, 52 AD2d 371, mot for lv to app den 39 NY2d 711). Pending disposition of the State court proceeding, the May 1, 1975 order had been stayed by order entered September 6, 1975 (Supreme Ct, Albany County, Index No. 8851/75, Harold J. Hughes, J.). After the denial of leave to appeal by the Court of Appeals, respondent issued an order on July 29, 1977, fixing the period of disqualification to terminate June 2, 1979, so as to give effect to the maximum three-year period of disqualification provided for by 12 NYCRR 601.8, the said period commencing from June 3, 1976, the date the Appellate Division, Third Department, confirmed respondent's determination. Special Term, in denying in its entirety the application to review the July 29, 1977 order, failed to credit petitioners with the period of time between May 1, 1975 and September 6, 1975, during which time the prior order of May 1, 1975 had not been stayed. The modification herein credits petitioners with the four-month, six-day period prior to issuance of the stay so as to properly conform to 12 NYCRR 601.8. Concur—Fein, J. P., Sullivan, Lane, Markewich and Silverman, JJ.