ACTION ELECTRICAL CONTRACTING CORP., Michael Clay, Vincent Polizzi, and Kevin R. McCormack, Plaintiffs-Appellants,

v.

Philip ROSS, individually, and as Industrial Commissioner of the State of New York, Defendant-Appellee.

No. 658, Docket 80–7721.

United States Court of Appeals, Second Circuit.

Argued Jan. 15, 1981.

Decided March 27, 1981.

Morris Weissberg, New York City (N. George Turchin, New York City, of counsel), for plaintiffs-appellants.

Ann Horowitz, Deputy Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., of the State of New York, George D. Zuckerman, Asst. Sol. Gen., New York City, of counsel), for defendant-appellee.

Before MOORE, MANSFIELD and MULLIGAN, Circuit Judges.

MANSFIELD, Circuit Judge:

Action Electrical Contracting Corp. (Action) and three other named plaintiffs employed by it as apprentice electricians appeal from an order of the District Court for the Eastern District of New York entered on April 18, 1980, by Chief Judge Jack B. Weinstein dismissing their complaint under 42 U.S.C. § 1983, which sought damages and a preliminary injunction restraining the defendant from deregistering Action's apprentice training program (ATP), which had been registered by Action as employer pursuant to Article 23 of the New York

---

Labor Law[1] and regulations promulgated by the State Industrial Commissioner thereunder, 12 New York Code Rules & Regulations (NYCRR), Parts 601, *et seq.*, and requiring Action to apply for reregistration. The complaint, claiming violations of the Fourteenth Amendment, alleges that the deregistration would deny Action and the other plaintiffs, who are employed by it as apprentice electricians, due process and equal protection under relevant state laws. The district court dismissed the complaint from the bench on principles of abstention, see *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), stating that the suit would interfere with ongoing state proceedings concerning the status of an apprentice program of a joint employers-union apprenticeship committee (JAC) in which Action would be a participant, which might interpret the relevant state statutes and regulations in a way that would render it unnecessary to resolve the federal issues raised by appellants. Since the state proceedings have since terminated without such an interpretation we reverse and remand the case for further consideration by the district court.

In 1972 Action registered an ATP with the state Department of Labor pursuant to Article 23 of the New York Labor Law. At that time Action had no collective bargaining agreement with any electricians' union. In August, 1975, Action entered into a collective bargaining agreement with Local 363 of the International Brotherhood of Teamsters (Local 363). Prior thereto Local 363 and the United Construction Contractors Association, Inc. (United) had formed a Joint Apprenticeship Committee (JAC) which had filed a master JAC apprenticeship plan with the state Department of Labor pursuant to N.Y.Labor Law §§ 811(1)(d) and 220(3–e). Effective May 1, 1975, the JAC program was deregistered by the State Industrial Commissioner after an administrative hearing because of the employers' failure to graduate employees from its apprenticeship program to journeymen's status.

The State Industrial Commissioner's determination was upheld by the Appellate Division, Third Department of the New York State Supreme Court, 52 A.D.2d 371, 384 N.Y.S.2d 509 (3d Dept. 1976). A motion for leave to appeal to the N.Y. Court of Appeals was denied, 39 N.Y.2d 711, and the appeal dismissed, 39 N.Y.2d 1057, 387 N.Y. S.2d 1034, 355 N.E.2d 394 (1976). A federal suit by a member of the United Construction Contractors Association challenging the deregistration on due process grounds was dismissed as barred by res judicata, the association members' due process rights having been satisfied by providing them with sufficient advance notice and opportunity to be heard. *Expert Electric Inc. v. Levine*, 554 F.2d 1227 (2d Cir. 1977). Under

1. Art. 23 of the New York Labor Law (McKinney's 1977) provides for the establishment of apprenticeship programs under which persons may, through supervised training and education, be developed into skilled craftsmen and thereby meet increasing needs for such a labor force. Toward this objective the State Industrial Commissioner is empowered by N.Y. Labor Law § 811, among other things, to encourage and promote the making of apprenticeship agreements conforming to standards established by him, to supervise the execution of such agreements and maintenance of standards, to register the agreements and issue certificates of completion of apprenticeship, to settle differences arising out of such agreements, to terminate such agreements, and to adopt necessary rules and regulations.

Under § 813 a state Apprenticeship and Training Council appointed by the Governor advises the State Industrial Commissioner on apprentice training matters and recommends standards for apprenticeship agreements. Section 814 authorizes the approval by the Commissioner of the formation of local and state joint apprenticeship committees composed of equal numbers of employer and employee representatives from a trade, which may devise standards for apprenticeship agreements in that trade and aid in their operation.

An apprenticeship agreement may be a written agreement (1) between an employer and an employee, (2) between a group of employers and an employees union, or (3) one describing conditions for employment of apprentices in a plant where there is no bona fide liberal organization. § 816.

applicable regulations, 12 N.Y.C.R.R. § 601.-8, the JAC was barred from registering any ATP for three years.

In 1979, upon expiration of the three-year period during which the JAC was prohibited by law from operating an apprenticeship plan, it applied for registration of a new joint employers-union ATP. The application was denied by the State Industrial Commissioner by decision dated May 27, 1980. Thereupon the JAC brought an Article 78 proceeding in the New York State Supreme Court challenging the administrative determination, which was dismissed. *Matter of Local 363 v. Ross*, N.Y.L.J., Nov. 19, 1980. An appeal from that decision has recently been withdrawn.

Returning to the status of Action, which entered into a collective bargaining agreement with Local 363 in August, 1975, it was obligated under 12 N.Y.C.R.R. § 601.4(g) to notify Local 363 of its existing ATP and obtain its acquiescence. However, it failed to do so, with the result that without the union's knowledge it continued operating under its individual ATP. When the State Labor Department became aware of Action's membership in United it notified Action by letter dated October 3, 1979, that in view of this membership (which posed the possibility of dual ATPs for Action if the JAC's ATP should be reregistered upon its becoming eligible to reapply) no further individual Action apprentice agreements would be processed. Effective January 14, 1980, Action's individual ATP was deactivated.

Thereupon Action, instead of bringing suit in the state court to enforce its alleged right under the state Labor Law and regulations thereunder to continue in effect the registration of its own ATP, brought the present action in the Eastern District of New York, claiming that the State Industrial Commissioner's deregistration of its ATP denied it due process and equal protection.

## DISCUSSION

In view of the fact that all relevant state proceedings have terminated without interpretation of the pertinent state statutes in a way that might render unnecessary a resolution of the constitutional issues raised by appellants, *Pullman* abstention is no longer justified. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 416 n.7, 84 S.Ct. 461, 465 n.7, 11 L.Ed.2d 440 (1964); *Moe v. Dinkins*, 635 F.2d 1045, 1047–1048 (2d Cir., 1980).

However, by letter dated February 5, 1981, the New York State Department of Law advised us that there is pending before the state Labor Department an application by the JAC for consideration by the Department of a new JAC apprenticeship program, which allegedly corrects the program defects leading the Department to deny registration of the JAC's earlier ATP. The letter further advises that the United States Department of Labor by letter dated January 19, 1981, conditionally approved a federal JAC apprenticeship training program which is acceptable to federal agencies for purposes of bidding on federal contracts and that, although state law does not provide for recognition of a federal apprenticeship training program as the equivalent of a state ATP, state agencies informally recognize the federal trainee program as the equivalent of a state ATP for purposes of bidding on state contracts. The state Labor Department has completed its investigation into the JAC's petition for reconsideration and is expected to render its decision shortly. Should it grant reconsideration and approve the JAC's latest ATP, the present action would become moot, since Action, having a collective bargaining agreement with Local 363, would be entitled to participate in the JAC's ATP.

In light of these circumstances we find it unnecessary to rule on appellants' federal claims, which were never passed upon by the district court. Accordingly the judgment of the district court is reversed and the case is remanded for further consideration in light of the foregoing.