■ In the Matter of TAP ELECTRICAL CONTRACTING SERVICE, INC., Petitioner, v LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent. — Determination and order of the Commissioner of Labor of the State of New York, dated February 3, 1984, finding that petitioner had willfully violated subdivision 3-e of section 220 of the Labor Law by paying an employee as an apprentice rather than at the prescribed rate for an electrician during a period in which the employee was not individually registered as an apprentice, and further finding that petitioner had also violated section 220 of the Labor Law by

paying five other employees as laborers and not electricians, and directing reimbursement to the employees with interest, and imposing a civil penalty of $250 for the violation found to be willful, modified, on the law and on the facts, to vacate the finding of willfulness and to strike the civil penalty based on that finding, and otherwise affirmed, without costs.

We fail to discern in the record any support for that part of the hearing officer's determination that found a willful violation of subdivision 3-e of section 220 of the Labor Law in petitioner's paying an employee, Antonia Hernandez, at an apprentice wage scale during a period in which she was not individually registered in an approved apprenticeship program.

The record is clear that as part of an affirmative action program the employee was assigned to the petitioner as an apprentice by the director of the Joint Apprenticeship and Training Council of Local 363, International Brotherhood of Teamsters and United Construction Contractors, Inc. (JAC). The director of JAC erroneously believed that because of the nature of the program it would be permissible to file a covering individual apprenticeship agreement after completion of the employee's probationary period.

Nothing in the record suggests that petitioner did not act in good faith on the basis of the assurance received from the director of JAC, a man with extensive experience with regard to apprenticeship programs. Indeed, there appears no reason to believe that the JAC director did not himself act in good faith.

Although an undoubted violation of subdivision 3-e of section 220 occurred when the employee was paid at an apprentice rate for a period in which she was not individually registered in an approved apprenticeship program, there appears no basis in the sequence of events set forth in the record for the conclusion that petitioner willfully violated that section.

In all other respects, the findings of the hearing officer, set forth in a comprehensive and carefully detailed report and recommendation, are adequately supported by the evidence. Concur — Sandler, J. P., Sullivan, Carro, Bloom and Kassal, JJ.