ALBANY ELECTRICAL CONTRACTORS ASSOCIATION, INC., Appellant, v LINDA ANGELLO, as Commissioner of Labor, Respondent. [774 NYS2d 884]—

Carpinello, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered January 22, 2003 in Albany County, which, inter alia, granted defendant's motion to dismiss the complaint.

Plaintiff, an association of electrical contractors, jointly sponsors state-registered apprenticeship training programs with three Capital District area union locals of the International Brotherhood of Electrical Workers. In 1995, a letter was sent by defendant's predecessor to apprentice program sponsors establishing new uniform statewide ratios of apprentices to journeymen for various trades. These new ratios were more stringent than those set forth in existing collective bargaining agreements between plaintiff and the union locals. Subsequently negotiated collective bargaining agreements also continued to include less stringent ratios.

After several unsuccessful efforts to obtain defendant's

consent to modify the allowable ratios for its training programs, plaintiff commenced this declaratory judgment action against defendant challenging defendant's authority to establish statewide apprentice to journeyman ratios. Defendant moved to dismiss the complaint and plaintiff cross-moved for summary judgment. Supreme Court granted defendant's motion, denied plaintiff's cross motion and dismissed the complaint. Plaintiff appeals.

We affirm. Plaintiff contends that defendant is authorized to establish only suggested standards for apprenticeship programs and, thus, exceeded this authority by establishing uniform statewide ratios. We disagree. While the Labor Law does reference "suggested standards," defendant is nonetheless statutorily authorized "to adopt such rules and regulations as may be necessary for the effective administration" of the state apprenticeship program (Labor Law § 811 [1] [b], [j]). We have previously held that "[a]rticle 23 of the Labor Law grants broad power to . . . [defendant] to supervise apprenticeship agreements and to maintain the standards thereof" (*Matter of United Constr. Contrs. Assn. v Levine*, 52 AD2d 371, 373 [1976], *lv denied* 39 NY2d 711 [1976], *appeal dismissed* 39 NY2d 1057 [1976]). We find defendant's establishment of apprentice to journeyman ratios for various trades to be "a specific application of [this] broad statutory grant of authority" (*id.* at 374).

Plaintiff, however, maintains that defendant violated applicable regulations by establishing statewide uniform ratios that are more stringent than the ratios contained in its collective bargaining agreements. Again, we disagree. The ratios of apprentices to journeymen must be "consistent with proper supervision, training, and continuity of employment, and applicable provisions in collective bargaining agreements" (12 NYCRR 601.5 [c] [7]). According to defendant, uniform statewide ratios were necessary in order to correct geographical inequities that "threaten[ed] the continuity of employment, safety, proper supervision, and training of apprentices," three of the four factors defendant is required to consider when determining appropriate ratios. Further, the 1995 letter indicates that the statewide ratios for various trades were determined by compiling and analyzing a database of apprentice to journeyman ratios. In our view, defendant properly considered the relevant factors before determining the uniform statewide ratios and, while the resulting ratios are inconsistent with plaintiff's collective bargaining agreements, this fact alone does not invalidate them. In addition, since the "Apprenticeship Training Program Registration Agreement" forms between plaintiff and the

Department of Labor contained the applicable statewide ratios, we see no bar to the Department's enforcement of same.

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order and judgment is affirmed, without costs.