# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1104**
**CA 16-00663**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES,
DISTRICT COUNCIL NO. 4, BY ITS SECRETARY-TREASURER,
MARK STEVENS, INTERNATIONAL UNION OF PAINTERS &
ALLIED TRADES, FINISHING TRADES INSTITUTE OF
WESTERN & CENTRAL NEW YORK, BY ITS TRUSTEES MARK
STEVENS, GREGORY STONER, ROBERT SINOPOLI, JEFFREY
CARROLL, TODD ROTUNNO, MICHAEL DEMS, DANIEL
LAFRANCE, DAN JACKSON, DOMINIC ZIRILLI, TIM
MCCLUSKEY, JEFF STURTZ, FRANK HOSEK AND MARVIN
PAIGE, FORNO ENTERPRISES, INC., TGR ENTERPRISES,
INC., HOGAN GLASS, LLC, AJAY GLASS & MIRROR CO.,
THOMAS A. JERGE, AS A CITIZEN TAXPAYER, PAUL J.
LEONE, AS A CITIZEN TAXPAYER, CHRISTOPHER J.
POWERS, AS AN APPRENTICE ENROLLED IN PAINTERS
DISTRICT COUNCIL NO. 4 GLAZIER APPRENTICESHIP
PROGRAM, AND RACHEL TERHART, AS A FORMER
APPRENTICE ENROLLED IN PAINTERS DISTRICT COUNCIL
NO. 4 GLAZIER APPRENTICESHIP PROGRAM,
PLAINTIFFS-APPELLANTS,

                        V                                MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF LABOR, MARIO
MUSOLINO, ACTING COMMISSIONER, NEW YORK STATE
DEPARTMENT OF LABOR AND CHRISTOPHER ALUND,
DIRECTOR, BUREAU OF PUBLIC WORKS, A DIVISION OF
NEW YORK STATE DEPARTMENT OF LABOR,
DEFENDANTS-RESPONDENTS.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOSEPH L. GUZA OF COUNSEL),
ADAMS BELL ADAMS, P.C., ROCHESTER, DUKE HOLZMAN PHOTIADIS & GRESENS,
LLP, AND HARRIS BEACH PLLC, PITTSFORD, FOR PLAINTIFFS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeals from an order and judgment (one paper) of the Supreme
Court, Erie County (James H. Dillon, J.), entered October 22, 2015.
The order and judgment, among other things, dismissed plaintiffs'
complaint upon defendants' motion.

It is hereby ORDERED that the order and judgment so appealed from
is reversed on the law without costs, defendants' motion is denied,
the complaint is reinstated, plaintiffs' cross motion is granted and

judgment is granted in favor of plaintiffs as follows:

It is ADJUDGED and DECLARED that Labor Law § 220 (3) (a), (b) and (3-e) apply to glazier apprentices enrolled in the DC4 Glazier Apprenticeship Program; and it is further

ADJUDGED and DECLARED that glazing contractors may compensate apprentices registered and enrolled in the DC4 Glazier Apprenticeship Program in accordance with the applicable apprentice rates posted by defendant New York State Department of Labor on taxpayer financed projects.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a judgment declaring that Labor Law § 220 (3) (a), (b) and (3-e) apply to glazier apprentices enrolled in the DC4 Glazier Apprenticeship Program and that glazing contractors may compensate apprentices registered and enrolled in the Glazier Apprenticeship Program in accordance with the applicable apprentice rates posted by defendant New York State Department of Labor (DOL) on taxpayer financed projects. Defendants moved for dismissal of the first cause of action and for summary judgment on the remaining causes of action. Plaintiffs cross-moved for summary judgment on the complaint. Supreme Court granted defendants' motion in its entirety, concluding that the determination of the DOL "that the work in question is that of the ironworkers and not of the glaziers is not unreasonable or arbitrary or capricious." We now reverse.

At issue on this appeal is whether defendants' interpretation of Labor Law § 220 (3-e) should be upheld. That section provides, in pertinent part, that "[a]pprentices will be permitted to work as such only when they are registered, individually, under a bona fide program registered with the [DOL]." Plaintiffs contend that this sentence permits glazier apprentices who are registered, individually, under a bona fide apprenticeship program to be paid as apprentices when performing work on a public works project even if they are performing work classified for another trade. Plaintiffs further contend that defendants are erroneously interpreting Labor Law § 220 (3-e) as requiring contractors on public works projects to pay glazier apprentices the wages of ironworker journeymen when the glazier apprentices install curtain walls, store fronts and pre-glazed windows. Although such work remains a work process of glaziers, as defined by the work curriculum promulgated and approved by the DOL, defendant Christopher Alund, Director, Bureau of Public Works, A Division of the DOL, has exercised his authority to classify that work as within the ironworkers' trade when that work is performed on public works projects (see § 220 [3-a] [a] [i]; *Matter of Lantry v State of New York*, 6 NY3d 49, 52-59). As a result of that classification and his interpretation of section 220 (3-e), Alund has opined that "a glazier apprentice . . . who performs work classified as ironworker's work must be paid an ironworker's journeyman prevailing rate" because the glazier is not performing work "within the trade that is the subject of the apprenticeship program in which the apprentice is registered."

As a preliminary matter, we agree with plaintiffs that, due to the parties' differences over the interpretation of the statute, declaratory relief will have a practical effect and thus is appropriate (*see Chanos v MADAC, LLC*, 74 AD3d 1007, 1008; *see also* CPLR 3001).  We further agree with plaintiffs that, under the plain meaning of Labor Law § 220 (3-e), glazier apprentices may be paid the applicable apprentice rate provided that they are registered, individually, with "a" bona fide apprenticeship program that is itself registered with the DOL.

" 'It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature' . . . As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof . . . 'In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning' " (*Majewski v Broadalbin-Perth Cent. Sch. Dist.*, 91 NY2d 577, 583).

Importantly, "[t]he function of the courts is to enforce statutes, not to usurp the power of legislation, and to interpret a statute where there is no need for interpretation, to conjecture about or to add to or to subtract from words having a definite meaning, or to engraft exceptions where none exist are trespasses by a court upon the legislative domain" (McKinney's Cons Laws of NY, Book 1, Statutes § 76, Comment at 168).  It is thus axiomatic that "new language cannot be imported into a statute to give it a meaning not otherwise found therein" (§ 94, Comment at 190), and "a court cannot amend a statute by inserting words that are not there" (§ 363, Comment at 525; *see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394, *rearg denied* 85 NY2d 1033; *Gawron v Town of Cheektowaga*, 117 AD3d 1410, 1412).

We of course agree with the dissent that, generally, "[t]he Labor Department's interpretation of a statute it is charged with enforcing is entitled to deference.  The construction given statutes and regulations by the agency responsible for their administration, 'if not irrational or unreasonable,' should be upheld" (*Samiento v World Yacht Inc.*, 10 NY3d 70, 79).  Here, however, we conclude that no such deference is required because defendants' interpretation "is contrary to the plain meaning of the statutory language" (*Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 100; *see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459), and "this appeal does not call upon us to interpret a statute where 'specialized knowledge and understanding of underlying operational practices or . . . an evaluation of factual data and inferences to be drawn therefrom' is at stake" (*Roberts v Tishman Speyer Props., L.P.*, 13 NY3d 270, 285; *see Matter of Albano v Board of Trustees of N.Y. City Fire Dept., Art. II Pension Fund*, 98 NY2d 548, 553, *rearg denied* 99 NY2d 553).

"Section 220 of the Labor Law and article I, section 17 of the

New York Constitution require that laborers, workers and mechanics be paid the statutorily determined prevailing rate of wages.  As originally enacted, the prevailing wage law contained no provision regulating the employment of apprentices on public works projects" (*Matter of Monarch Elec. Contr. Corp. v Roberts*, 70 NY2d 91, 95).  The language relating to apprentices was first added to section 220 (3) in 1966 and, in 1967, the Legislature added section 220 (3-e) "to expressly prohibit working as an apprentice on a public works project unless a person is individually registered in a State-approved apprenticeship program, and to regulate the allowable ratio of apprentices to journey-level workers" (*id.*).  As now written, section 220 requires "classification of workers by status--as either journeymen or apprentices--and by expertise, as carpenters, ironworkers, roofers, etc., and [further requires] that all covered workers be paid a journeyman's prevailing wage for their occupation unless they are apprentices registered in accordance with the statute" (*id.* at 96, citing *Matter of Tap Elec. Contr. Serv. v Roberts*, 104 AD2d 548, and *Matter of G & G Erectors v Levine*, 48 AD2d 960).

Plaintiffs correctly contend that the first sentence of Labor Law § 220 (3-e) does not contain any requirement that apprentices can work and be paid as apprentices only if they are working within the trade classification for the work they are performing.  The question is whether the use of the word "a" to qualify the term "bona fide program registered with the [DOL]" means that an apprentice can work as an apprentice if he or she is individually registered with "any" bona fide apprentice program or, rather, with one particular program (*id.; see* § 220 [3] [a], [b]).  "Although 'a' may mean 'one' where the overall tenor of the statute connotes such meaning, that is neither the usual meaning of the word generally, nor the most reasonable meaning of the word given the particular circumstances and statutory language at issue here.  Recognizing that a contrary interpretation of the article 'a,' if adopted generally, would lead to no end of absurd statutory constructions, those courts that have considered the issue have held that the usual and ordinary meaning of 'a' is not 'one and only one,' but rather 'any number of' or 'at least one'—not 'one and no more,' but rather 'one or more' " (*Matter of Cook v Carmen S. Pariso, Inc.*, 287 AD2d 208, 213; *cf. Lewis v Spies*, 43 AD2d 714, 715).  According the word "a" its plain and ordinary meaning, we agree with plaintiffs that Labor Law § 220 (3-e) permits an apprentice to work as such if he or she is registered in any bona fide apprentice program.

Defendants would have us limit the application of Labor Law § 220 (3-e) to apprentices who are performing work within the trade that is the subject of the apprenticeship program in which the apprentice is registered.  The statute, however, contains no such limitation, and nothing in the remaining sentences of section 220 (3-e) provides any basis to interpret that section any differently.  Nevertheless, " '[a] statute or legislative act is to be construed as a whole, and . . . all parts of an act are to be read and construed together to determine the legislative intent' " (*Cook*, 287 AD2d at 215, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 97, Comment at 211).

In reviewing Labor Law § 220 as a whole, we conclude that nothing

in that statute establishes any basis for a different interpretation of section 220 (3-e). Rather, we note that the very limitation defendants seek to impose on section 220 (3-e), i.e., a limitation to work in the same trade or occupation, was added to other subdivisions of Labor Law § 220 (*see* § 220 [3] [a], [b]). When "the Legislature uses unlike terms in different parts of a statute it is reasonable to infer that a dissimilar meaning is intended" (McKinney's Cons Laws of NY, Book 1, Statutes § 236, Comment at 403; *see Matter of Albano v Kirby*, 36 NY2d 526, 530). The fact that the Legislature did not add similar restrictive language to section 220 (3-e) further supports our conclusion that no such restriction was intended, and this Court will not "amend [the] statute by inserting words that are not there" (Statutes § 363, Comment at 525).

Inasmuch as "the language of [the] statute is clear and unambiguous, [we] must give effect to its plain meaning" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91), and we may not "resort to extrinsic material such as legislative history or memoranda" (*Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester*, 248 AD2d 949, 950, *lv denied* 92 NY2d 811; *see Matter of Niagara v Daines*, 96 AD3d 1433, 1434-1435). We thus conclude that Labor Law § 220 (3-e), by its terms, permits glazier apprentices who are registered, individually, under a bona fide glazier apprenticeship program to work and be paid as apprentices even if the work they are performing is not work in the same trade or occupation as their apprenticeship program.

All concur except WHALEN, P.J., who dissents and votes to affirm in accordance with the following memorandum: I respectfully dissent. Contrary to the majority, I conclude that defendants' interpretation of Labor Law § 220 (3-e) is supported by the language of the statute and its underlying purpose, and I would therefore affirm the order and judgment granting defendants' motion seeking, inter alia, a declaratory judgment in their favor and denying plaintiffs' cross motion for summary judgment.

"Labor Law § 220 implements the constitutional mandate that contractors engaged in public projects pay their workers wages and supplements which 'shall not be less than the prevailing rate for a day's work in the same trade or occupation in the locality within the state where such public work . . . is performed' " (*Matter of Lantry v State of New York*, 6 NY3d 49, 54, quoting § 220 [3]; *see* NY Const, art I, § 17). The provision of the prevailing wage law at issue here, section 220 (3-e), was enacted to regulate the employment of apprentices on public works projects, and it was intended "to prevent subversion of the prevailing wage law" by expressly prohibiting persons from working as apprentices on public works projects unless they were individually registered in a State-approved apprenticeship program (*Matter of Monarch Elec. Contr. Corp. v Roberts*, 70 NY2d 91, 95). The statute specifically provides that "[a]pprentices will be permitted to work *as such* only when they are registered, individually, under a bona fide program registered with the New York State Department of Labor [DOL]" (§ 220 [3-e] [emphasis added]). The

section further provides that "[a]ny employee listed on a payroll at an apprentice wage rate, who is not registered as above, shall be paid the wage rate determined by the [DOL] for the classification of work he [or she] actually performed" (*id*.).

The DOL is charged with implementing and enforcing both the prevailing wage law (*see Lantry*, 6 NY3d at 54), and supervising and maintaining standards for apprenticeship programs (*see Albany Elec. Contrs. Assn. v Angello*, 6 AD3d 920, 921).  Consequently, defendants' interpretation of Labor Law § 220 (3-e) is entitled to deference (*see Samiento v World Yacht Inc*., 10 NY3d 70, 79) and "must be upheld absent demonstrated irrationality or unreasonableness" (*Seittelman v Sabol*, 91 NY2d 618, 625).

No such irrationality or unreasonableness has been demonstrated with respect to defendants' interpretation of that section.  The DOL reasonably concluded that, pursuant to section 220 (3-e), an employee may be paid at the lower rate for apprentices only for work within the trade classification of his or her apprenticeship program.  Any employee who is working outside the trade classification of his or her apprenticeship program is not working "as such," i.e., as an apprentice, under the statute (§ 220 [3-e]).  In that circumstance, the employee is entitled to be paid at the rate paid to journey-level workers for "the classification of work . . . actually performed" (*id*.).  The DOL's interpretation ensures that workers receive appropriate wages based upon the work they perform, and that they receive appropriate training in their trade classification when they are in fact working as apprentices (*see Matter of Nash v New York State Dept. of Labor*, 34 AD3d 905, 906, *lv denied* 8 NY3d 803).

Nor is the agency's interpretation of the statute contrary to its plain meaning.  The language of the statute is ambiguous and lends itself to either of the competing interpretations offered by the parties.  Because the agency responsible for implementing section 220 (3-e) gave the statute a rational interpretation that is not inconsistent with its plain language, that interpretation must be upheld (*see James Sq. Assoc. LP v Mullen*, 21 NY3d 233, 250-251).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court