Whalen, RJ.
(dissenting). I respectfully dissent. Contrary to the majority, I conclude that defendants’ interpretation of Labor Law § 220 (3-e) is supported by the language of the statute and its underlying purpose, and I would therefore affirm the order and judgment granting defendants’ motion seeking, inter alia, a declaratory judgment in their favor and denying plaintiffs’ cross motion for summary judgment.
“Labor Law § 220 implements the constitutional mandate that contractors engaged in public projects pay their workers *1547 wages and supplements which 'shall not be less than the prevailing rate for a day’s work in the same trade or occupation in the locality within the state where such public work . . . is performed’ ” (Matter of Lantry v State of New York, 6 NY3d 49, 54 [2005], quoting § 220 [3]; see NY Const, art I, § 17). The provision of the prevailing wage law at issue here, section 220 (3-e), was enacted to regulate the employment of apprentices on public works projects, and it was intended “to prevent subversion of the prevailing wage law” by expressly prohibiting persons from working as apprentices on public works projects unless they were individually registered in a State-approved apprenticeship program (Matter of Monarch Elec. Contr. Corp. v Roberts, 70 NY2d 91, 95 [1987]). The statute specifically provides that “[a]pprentices will be permitted to work as such only when they are registered, individually, under a bona fide program registered with the New York State Department of Labor [DOL] ” (§ 220 [3-e] [emphasis added]). The section further provides that “[a]ny employee listed on a payroll at an apprentice wage rate, who is not registered as above, shall be paid the wage rate determined by the [DOL] for the classification of work he [or she] actually performed” (id,.).
The DOL is charged with implementing and enforcing both the prevailing wage law (see Lantry, 6 NY3d at 54), and supervising and maintaining standards for apprenticeship programs (see Albany Elec. Contrs. Assn. v Angello, 6 AD3d 920, 921 [2004]). Consequently, defendants’ interpretation of Labor Law § 220 (3-e) is entitled to deference (see Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008]) and “must be upheld absent demonstrated irrationality or unreasonableness” (Seittelman v Sabol, 91 NY2d 618, 625 [1998]).
No such irrationality or unreasonableness has been demonstrated with respect to defendants’ interpretation of that section. The DOL reasonably concluded that, pursuant to section 220 (3-e), an employee may be paid at the lower rate for apprentices only for work within the trade classification of his or her apprenticeship program. Any employee who is working outside the trade classification of his or her apprenticeship program is not working “as such,” i.e., as an apprentice, under the statute (§ 220 [3-e]). In that circumstance, the employee is entitled to be paid at the rate paid to journey-level workers for “the classification of work . . . actually performed” (id.). The DOL’s interpretation ensures that workers receive appropriate wages based upon the work they perform, and that they receive appropriate training in their trade classification when they are *1548 in fact working as apprentices (see Matter of Nash v New York State Dept. of Labor, 34 AD3d 905, 906 [2006], lv denied 8 NY3d 803 [2007]).
Nor is the agency’s interpretation of the statute contrary to its plain meaning. The language of the statute is ambiguous and lends itself to either of the competing interpretations offered by the parties. Because the agency responsible for implementing section 220 (3-e) gave the statute a rational interpretation that is not inconsistent with its plain language, that interpretation must be upheld (see James Sq. Assoc. LP v Mullen, 21 NY3d 233, 250-251 [2013]).
Present — Whalen, P.J., Centra, Lindley, NeMoyer and Troutman, JJ.