960 F.2d 1054
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Raimundo P. PASTOR, Appellant.
 91-1286.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 14, 1992.
April 22, 1992.
 
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant was convicted in a joint trial with Manuel Perez Azcuy and Francisco Rodriguez Alfonso of drug related charges. His coconspirators' convictions were affirmed. United States v. Azcuy, 950 F.2d 728 (8th Cir. 1991) (unpublished) (claims without merit, 8th Cir. R. 47B). Appellant claims that his fundamental due process rights to a fair trial were violated by the admission of material perjured testimony against him and that his sentence was improper. Appellant was sentenced to ten years in prison, eight years of supervised release, a $10,800.00 fine, and a $100.00 special assessment. We affirm appellant's conviction and remand for resentencing.
 
 
 2
 In opening statement, the government disclosed the arrangements it had made with certain witnesses. According to counsel, one witness, Jose Molinet Pedroso, was told in substance that the government would inform the Jackson County State Court that Pedroso was testifying for the United States, but that the government would not recommend dismissal of any state charges. During direct examination, the government brought up the limited agreement again. Finally, Jury Instruction No. 7 disclosed the limited agreement to the jury for a third time. Appellant complains of prejudice because Pedroso denied upon cross-examination that he had struck any "deal" to obtain his testimony. Appellant alleges this was perjury and that it resulted in prejudice.
 
 
 3
 The record reflects that Pedroso, a Cuban native, spoke broken English and that his responses were often ambiguous, incoherent and nonresponsive. The defense attorney ambiguously asked Pedroso about any government "deals" or "promises." Counsel failed to explore the details any further, however, even though leading questions would likely have been permitted in light of Pedroso's status as a hostile witness.
 
 
 4
 Given the disclosures made to the jury, which fairly reflect the government's limited agreement with Pedroso, and the ambiguity of both the questions and answers about Pedroso's agreement, it does not appear that appellant was denied due process or a fair trial simply because Pedroso denied any "deal" or "promise" on the stand. Even if Pedroso's statements might technically be construed as perjury, we cannot say, in the context of the record before us, that Pedroso's statements constitutionally prejudiced appellant. We therfore affirm his convictions. Se e 8th Cir. R. 47B.
 
 
 5
 The appellant claims, and the government concedes, error in sentencing. We consider this issue no further and remand this cause to the district court for resentencing.