**Alfredo SPAVENTO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 94 Civ. 3447 (JES), 88 Cr. 0217 (JES).

United States District Court, S.D. New York.

July 7, 1995.

Grobe failed to file a suggestion of death on the record.

Alfredo Spavento, Fort Dix, NJ, petitioner pro se.

Mary Jo White, U.S. Atty. for the S.D. of NY, New York City, for respondent; Sarah Thomas, Sp. Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

*Pro se* petitioner Alfredo Spavento brings the instant action for the return of $8,850.00 forfeited to the United States.[1] For the following reasons, Spavento's petition is denied.

## BACKGROUND

On April 25, 1989, Spavento was convicted of conspiring to distribute illegal narcotics in violation of 21 U.S.C. § 846 and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). On September 25, 1989, the United States brought a civil action pursuant to 21 U.S.C. § 881, seeking forfeiture of approximately $9,086.00 in United States currency seized from Spavento's residence as proceeds of narcotics trafficking (the "1989 forfeiture action"). Declaration of Sarah Thomas dated March 2, 1995 ("Thomas Decl.") ¶ 5, Ex. D. On December 5, 1991, a Judgment of Forfeiture for $9,086.00 was entered against Spavento. *Id.* ¶ 6, Ex. E. On April 9, 1992, the Court of Appeals for the Second Circuit dismissed Spavento's appeal for failure to perfect the appeal. *Id.* ¶ 7, Ex. F.

In 1992, Spavento filed a civil action against the United States seeking the return of the seized currency as well as other items (the "1992 action"). Thomas Decl. ¶ 2, Ex. A. Following the return of various items to Spavento in August 1993, *id.* ¶ 3, Ex. B, Spavento voluntarily discontinued the 1992 action with prejudice on November 16, 1993. *Id.* ¶ 4, Ex. C. On January 4, 1995, Spavento filed the instant action for the return of $8,850.00, claiming that it was unlawfully seized without probable cause, does not constitute evidence of a crime, and is not subject to forfeiture under 21 U.S.C. § 881.

## DISCUSSION

An action filed under Fed. R.Crim.P. 41(e) after the movant has been sentenced and when criminal proceedings against the movant are no longer pending, is to be treated as a civil equitable proceeding. *See Mora v. United States,* 955 F.2d 156 (2d Cir.1992). The doctrine of *res judicata* precludes the filing of repetitious actions seeking the same relief. Under the doctrine, "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." *Winters v. Lavine,* 574 F.2d 46, 57 n. 10 (2d Cir.1978) (quoting *Saylor v. Lindsley,* 391 F.2d 965, 968 (2d Cir.1968)); *Local 363 v. New York State Dep't of Labor,* 842 F.Supp. 1561, 1565 (S.D.N.Y.1994).

---

1. Spavento seeks return of the property pursuant to Fed.R.Crim.P. 41(e), which provides in pertinent part:

    [a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. Fed.R.Crim.P. 41(e).

In this case, Spavento again seeks to recover $8,850.00 seized at the time of his arrest. In the 1989 forfeiture action, summary judgment was granted against Spavento, and his appeal dismissed. Thomas Decl., Exs. E, F. In the 1992 action, Spavento sought return of various property seized from his home at the time of his arrest, including "[a]pproximately $8,850 in cash." Thomas Decl. ¶ 2, Ex. A. Under Fed. R.Civ.P. 41(a), Spavento's October 27, 1993 stipulation to a dismissal with prejudice of the 1992 action, *id.* ¶ 4, Ex. C, constitutes an adjudication on the merits. *See Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012 (2d Cir.1976); *see also PRC Harris, Inc. v. Boeing, Co.,* 700 F.2d 894, 896 (2d Cir.1983), ("[r]ule 41(b) dictates that all but certain enumerated dismissals will be considered 'on the merits,'") *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). Therefore, because Spavento has litigated his civil forfeiture claim in two previous actions, he is barred by the doctrine of *res judicata* from relitigating the return of $8,850.00 in the instant action.

## CONCLUSION

For the reasons set forth above, Spavento's petition for the return of $8,850.00 pursuant to Fed.R.Crim.P. 41(e) is denied.

It is **SO ORDERED.**