**Robert B. DePUGH, Plaintiff,**

v.

**David CLEMENS, Defendant.**

No. 96–0873–CV–W–5.

United States District Court,
W.D. Missouri,
Western Division.

Jan. 17, 1997.

Robert B. DePugh, Independence, MO, pro se.

Keith A. Cary, Deacy & Deacy, Kansas City, MO, for defendant.

## ORDER

LAUGHREY, District Judge.

Pending before me are Defendant's Motion to Dismiss and Motion for Sanctions, Plaintiff's Oppositions and Suggestions in Support, Plaintiff's Suggestions in Opposition to Summary Judgment and Defendant's Sur–Reply. Defendant requests dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) based on collateral estoppel and a prior release. The Court notified the parties that it would treat the Motion to Dismiss as a motion for summary judgment and granted the parties time to file additional materials. Defendant also asks this Court to issue sanctions against Plaintiff pursuant to Fed.

R.Civ.P. 11. In consideration of the aforementioned documents and for the reasons discussed below, Defendant's Motion to Dismiss is treated as a motion for summary judgment and is granted; and Defendant's Motion for Sanctions is granted.

## I. BACKGROUND

*Pro se* Plaintiff Robert DePugh filed this Section 1983 action against Defendant David Clemens, alleging a violation of his substantive due process rights. Plaintiff alleged that Defendant, who serves as Chief of Police in Norborne, Missouri, made false statements in order to secure a search warrant from an Associate Circuit Judge which resulted in the arrest and conviction of Plaintiff. Defendant's affidavit to the Circuit Judge was based on information supplied by an informant, Dale Michaels, who stated he saw military weapons and photographs in a Biolab building owned by Plaintiff. The search warrant was contested by Plaintiff at a suppression hearing before Judge Larsen, United States Magistrate Judge. After hearing testimony from both the informant and Defendant, Judge Larsen found that the informant did make such a statement to Defendant. In addition, Plaintiff filed a prior civil suit against Defendant for violations of his rights arising out of the same incident. Defendant's insurance company settled this claim in exchange for a release signed by Plaintiff.

## II. STANDARD OF REVIEW

■ Although *pro se* parties are required to adhere to the Federal Rules of Civil Procedure, *pro se* complaints must be construed liberally on a motion to dismiss for failure to state claim. *Smith v. St. Bernards Regional Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir.1994).

■ A motion to dismiss may be treated as motion for summary judgment where the conversion of the motion facilitates the disposition of the case. *Collins v. Palczewski*, 841 F.Supp. 333 (D.C.Nev.1993). *See also* 5A CHARLES WRIGHT AND ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1990 and Supp.1996) (and citations therein). On a motion to dismiss, the court has discretion as to whether it will

accept material outside the pleadings. *Skyberg v. United Food and Commercial Workers Int'l Union,* 5 F.3d 297, 302 (8th Cir. 1993). Matters outside the pleadings include written or oral evidence substantiating, not reiterating, the contents of the pleadings. *Gibb v. Scott,* 958 F.2d 814, 816 (8th Cir. 1992). If the court accepts outside information, it must convert the motion to dismiss to a motion for summary judgment. *Madewell v. Downs,* 68 F.3d 1030 (8th Cir.1995). Upon conversion, the court applies the standard for summary judgment. *Woods v. Dugan,* 660 F.2d 379, 381 (8th Cir.1981). The parties must receive notice that the court intends to convert the motion to dismiss. *Id.; Jensen v. Klecker,* 599 F.2d 243 (8th Cir.1979); *Layton v. United States,* 919 F.2d 1333 (8th Cir.1990), *on remand,* 776 F.Supp. 1373 (W.D.Ark.1991), *aff'd,* 984 F.2d 1496 (8th Cir. 1993), *cert. denied,* 510 U.S. 877, 114 S.Ct. 213, 126 L.Ed.2d 170 (1993). The parties were given actual notice that the Motion to Dismiss would be treated as a motion for summary judgment. Subsequently, both parties filed additional information.

A motion for summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Aetna Life Ins. Co. v. Great Nat'l Corp.,* 818 F.2d 19, 20 (8th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The party opposing a properly supported motion for summary judgment may not rest upon the allegations in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." *Id.* The nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). If the moving party has the burden of proof at trial, they must demonstrate that there is no genuine issue of material fact and that they would be entitled to a directed verdict if the case went to trial. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Firemen's Fund Ins. Co. v. Thien,* 8 F.3d 1307, 1310 (8th Cir.1993); *United States v. One 107.9 Acre Parcel of Land Located in Warren Township,* 898 F.2d 396, 398 (3d Cir.1990). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.,* 950 F.2d 566, 569 (8th Cir.1991).

## III. DISCUSSION

Although Plaintiff proceeds *pro se,* he has competently and successfully complied with the Federal Rules of Civil Procedure. His Complaint is not dismissed for reasons of deficiency in preparation, but rather on procedural grounds which would exist regardless of Plaintiff's representation.

Defendant has the burden of showing that no genuine issue of material fact remains and that judgment should be awarded as a matter of law. Defendant attached seven exhibits to his Motion to Dismiss. Plaintiff responded to this motion with Suggestions in Opposition, including two attachments. Plaintiff also filed Suggestions in Support of Plaintiff's Opposition to Summary Judgment, with three attachments. Defendant has filed a Sur–Reply. The Court considers these outside materials in reaching its decision, and therefore, converts the Motion to Dismiss to a motion for summary judgment. Defendant's exhibits include: an affidavit for search warrant, a search warrant, a first amended motion to suppress evidence, a report and recommendation, and a memorandum and order, all related to Plaintiff's criminal conviction. Defendant also submitted the complaint and general release from his prior civil lawsuit against the Defendant. Plaintiff attached a partial transcript of the suppression hearing and a reply to his request for admissions. Plaintiff later supplied the Court with Clemens' affidavit for search warrant, answers to interrogatories No. 11–16, and a transcript of the suppression hearing. Neither party contests the authenticity of these exhibits.

## A. Collateral Estoppel

■ Defendant asserts that Plaintiff is collaterally estopped from bringing his cause of action. Plaintiff argues that different issues exist in that the first suit addressed whether evidence should be suppressed, whereas this action focuses on whether Defendant committed perjury. Collateral estoppel bars an action where: 1) an identical issue existed in prior litigation 2) which ended in a judgment on the merits 3) involving the same party and 4) the issue was fully and fairly litigated and necessary to the judgment. *Oldham v. Pritchett*, 599 F.2d 274, 279 (8th Cir.1979). "Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The Court finds that Plaintiff's action is barred by collateral estoppel based on the satisfaction of the four elements provided in *Oldham*.

■ The first requirement is to determine whether the issue in this case existed in the prior action. An essential element of Plaintiff's claim in this action is whether Defendant made a false statement under oath. In the underlying criminal proceeding, Plaintiff alleged that Defendant made a false statement under oath to obtain a search warrant. Hence, there is identity of issues. The second requirement is that the prior judgment must have been based on the merits. Judge Larsen held a suppression hearing to decide whether probable cause supported the issuance of the search warrant for the Biolab building located at 125 West Second Street, Norborne, Missouri,[1] and therefore whether evidence should be suppressed. In concluding that probable cause existed, Judge Larsen had to find that the informant made the disputed statement to Defendant and that Defendant did not commit perjury in obtaining the warrant. In the absence of such a

finding, there would not be probable cause and the warrant would be invalid. This finding was necessary to Judge Larsen's final determination of probable cause for the September 16, 1991, search warrant. There is also identity of parties in that Plaintiff was a defendant in the prior action and a hearing was held on his motion to suppress evidence based on lack of probable cause. The final requirement is whether the issue was fully and fairly litigated. Plaintiff was represented by counsel at the suppression hearing, had a strong incentive in that criminal action to vigorously litigate the issue, and received a review of his conviction by the Eighth Circuit. Based on the reasons above, the Court finds that Plaintiff's claim is barred by collateral estoppel.

## B. Res Judicata

■ Even in the absence of collateral estoppel, Plaintiff's cause of action would still be barred by the doctrine of res judicata. The effect of res judicata is determined by federal law where the prior suit was in federal court and the claim arose under federal law. *Poe v. John Deere Co.*, 695 F.2d 1103, 1105 (8th Cir.1982). Upon a final judgment on the merits, res judicata, also known as claim preclusion, bars a party or one in privity from relitigating a claim in a second suit which was or could have been raised in the first lawsuit. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980); *Swapshire v. Baer*, 865 F.2d 948, 950 (8th Cir.1989); *Thomas v. St. Louis Bd. of Educ.*, 933 F.Supp. 817 (E.D.Mo.1996); *Spavento v. United States*, 891 F.Supp. 173 (S.D.N.Y.1995). Res judicata may be as to a judgment or as to some particular facts that have or could have been litigated. *Poe*, 695 F.2d at 1105. Most federal courts, including the Eighth Circuit, have ruled that claim preclusion is applicable to Section 1983 actions. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 83, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984) (listing other cir-

---

1. The Court recognizes that on p. 14 of the Report and Recommendation, Judge Larsen refers to an incorrect address (Plaintiff's driver's license address) when finding that probable cause supported the search warrant for the Biolab building. However, it is clear from his dis-

cussion about the informant, items of child pornography, firearms, and munitions, etc., that Judge Larsen is referring to the building noted in the findings of fact, pp. 21–26, which lists the correct address of the Biolab building.

cuit decisions); *Robbins v. Dist. of Worth County, Ia.,* 592 F.2d 1015 (8th Cir.), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979).

■ Under the doctrine of res judicata, Plaintiff's prior civil lawsuit, Case No. 94–1136–CV–W–9, brought in federal court bars this suit. In the prior action, DePugh and Mr. Powell, owner of the Biolab Building, sued Clemens as Chief of Police, in his official and individual capacity, and Mr. Swearingin, both of whom executed the search warrant of the Biolab building on September 17, 1991. DePugh and Powell alleged violations under 42 U.S.C. § 1983 and 42 U.S.C. § 2000aa, *et seq.* The action was dismissed with prejudice as to Clemens. The Court also granted Swearingin's motion for summary judgment on the grounds of collateral estoppel in that the criminal proceeding, the same one which the Court addressed in the collateral estoppel section of this Order, involved the validity of the same search warrant at issue. DePugh settled his portion of this prior civil action with Clemens by executing a release, in consideration of a payment of $750.

■ The prior civil action clearly involved a claim arising from the search warrant issued on September 16, 1991. DePugh's present claim arises from the same event. Plaintiff asserts that his legal theory in the prior action differs from his legal theory in the present action. Plaintiff also argues that a release or settlement cannot protect someone from committing an illegal act such as perjury. Res judicata, however, attaches to the same operative nucleus of facts and encompasses more than differing legal theories. *Poe,* 695 F.2d at 1105. Furthermore, the same parties were named in the prior civil action and the dismissal with prejudice was an adjudication on the merits. *See, Spavento,* 891 F.Supp. at 175. In *Spavento,* the Court determined that plaintiff's stipulation of dismissal with prejudice was an adjudication on the merits and that plaintiff was barred from relitigating the return of $8,500 because he had litigated civil forfeiture claim in two previous actions. In DePugh's prior civil action, he stipulated to dismissal, Doc. # 18, and Judge Bartlett entered an Order

dismissing DePugh's claims against Clemens with prejudice. Doc. # 20. Hence, the Court finds that this action is barred on the grounds of res judicata.

**C. Release**

■ Even if the dismissal with prejudice in the prior suit was not a final decision on the merits, the release executed by DePugh and Clemens clearly bars this action. A release is a valid defense to subsequent lawsuits involving the same issues and the same parties or those in privity. *Thurman v. City of Lake St. Louis,* 24 F.3d 1034 (8th Cir.1994); *Anselmo v. Mfrs. Life Ins. Co.,* 595 F.Supp. 541, 550 (W.D.Mo.), *aff'd,* 771 F.2d 417 (8th Cir.1985). A release must be "freely executed without deception or coercion" and made with complete understanding of one's rights. *Complaint of Bankers Trust Co.,* 752 F.2d 874, 885 (3rd Cir.1984); *See also, Newton v. Rumery,* 480 U.S. 386, 390, 107 S.Ct. 1187, 1190–91, 94 L.Ed.2d 405 (1987); *Woods v. Rhodes,* 994 F.2d 494 (8th Cir.1993); *Resolution Trust Corp. v. Gibson,* 829 F.Supp. 1121 (W.D.Mo.1993). Plaintiff does not dispute the validity of the execution of the release. Plaintiff only argues that the release does not apply to excuse illegal acts, including perjury. The Court does not agree because the release goes to all claims against Clemens arising out of this particular search warrant. The release clearly states that in consideration of $750, DePugh

has released, acquitted and discharged and does by these presents release, acquit and discharge said OTHER PARTY [David Clemens], his agents, servants, employees, employers, heirs, executors, administrators, representatives, next of kin, insurance carriers, successors, assigns, and subsidiaries, of and from any and all claims, demands, damages, injuries, losses, costs, expenses, compensation, attorney fees, actions, causes of action, duties, debts, responsibilities, liabilities in law or in equity, which may heretofore have existed, or which may hereafter arise out of any of the matters raised in the above-referenced lawsuit and specifically with respect to the September 16, 1991 search warrant and the September 17, 1991 search of a build-

ing located in Norborne, Missouri, generally referred to as the "Biolab Building." The release involves DePugh and Clemens, the same parties to this action; it specifically references the September 16, 1991, search warrant and Biolab Building; and it was supported by consideration. In the present action, Plaintiff does not state whether he is suing Clemens in his official and/or individual capacity. Regardless, the release bars subsequent suits against Clemens and his employers. Furthermore, there is no allegation of duress or coercion in the execution of the release. Accordingly, the Court finds that this action is also barred on the basis of DePugh's release executed in Case No. 94–1136–CV–W–9 on June 14, 1995.

### D. Sanctions

Defendant also filed a Motion for Sanctions under Fed.R.Civ.P. 11 on the basis that Plaintiff's suit is malicious and frivolous. Defendant avers that Plaintiff has filed numerous lawsuits including several against Defendant and that Plaintiff continues to allege perjury in spite of a Magistrate's finding of law. Defendant asks for sanctions so that the taxpayers of Norborne are not required to pay for Defendant's expenses. Plaintiff argues that his action is not frivolous and that no prior court proceeding can afford him protection from the perjury of Defendant.

 The Court has discretion to issue sanctions under Fed.R.Civ.P. 11 based on whether the party was objectively reasonable in bringing the lawsuit. *Miller v. Bittner,* 985 F.2d 935, 938 (8th Cir.1993). A reasonable inquiry into the facts includes consideration of: the available time of the signer to investigate, the extent of the attorney's reliance on the client, and any requirement of discovery. *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 875 (5th Cir.1988) (en banc). Furthermore, a court should consider the attorney's available time, the plausibility of the legal argument, the party's *pro se* status and the complexity of the issues in determining whether the party made a reasonable inquiry as to the law. *Id.* at 875–76. The purpose of Rule 11 sanctions is to impede misconduct not to compensate the opposing party for costs of litigation. *Kirk*

*Capital Corp. v. Bailey,* 16 F.3d 1485, 1490 (8th Cir.1994).

 Based on Plaintiff's filings, he is no longer concerned about the search warrant and the conviction. Plaintiff states, "we have a right to know who that person is," referring to the alleged perjury of either the Defendant or the informant. Plaintiff merely wants to know who perjured himself and has failed to show how this perjury resulted in harm or prejudice. Even if Defendant had perjured himself, the Court cannot grant relief where the alleged perjury did not result in prejudice to the Plaintiff. *See, United States v. Boykin,* 986 F.2d 270 (8th Cir.1993), *cert. denied,* 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993) (In a criminal proceeding, defendant suffered little prejudice by the delayed disclosure of perjury where there was other evidence of defendant's guilt.); *United States v. Pastor,* 960 F.2d 1054, 1992 WL 79041 (8th Cir.1992) (unpublished opinion) (Defendant's due process rights to a fair trial were not violated and defendant was not constitutionally prejudiced by perjured statement.).

The Magistrate's decision on the merits, the fact that Plaintiff's Complaint arises out of the same set of operative facts, and Plaintiff's filing of this action after executing a valid release in favor of Defendant, merits sanctions. Considering the purpose of Rule 11 sanctions and Plaintiff's conduct, the Court grants Defendant's Motion for Sanctions.

## IV. RELIEF ORDERED

After careful examination of the record, the Court treats Defendant's motion to dismiss as a motion for summary judgment and finds that Plaintiff's action is barred by the doctrines of collateral estoppel and res judicata and by the release. Accordingly, it is

ORDERED that Defendant's Motion to Dismiss (Doc. #5), treated as a motion for summary judgment, is GRANTED. It is further

ORDERED that Defendant's Motion for Sanctions (Doc. #10) is GRANTED. Accordingly, Plaintiff is ORDERED to pay to Defendant the costs and expenses, including

reasonable attorney's fees, for the preparation of Defendant's Motion to Dismiss/Summary Judgment. Defendant is ORDERED to submit an affidavit and supporting documentation for those fees no later than fourteen (14) days after entry of judgment.