▉ ONEIDA SAVINGS BANK OF ONEIDA, Respondent, v VINCENT TESE, as Superintendent of Banks, et al., Appellants. — Main, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered April 17, 1984 in Albany County, which granted plaintiff's motion for summary judgment seeking declaratory relief.

The facts are not in dispute. Robert M. Kallet has served continuously since January 12, 1954 as a trustee of plaintiff. On January 1, 1983, Robert M. Kallet's son, Michael R. Kallet, was hired by plaintiff as assistant vice-president and treasurer, thereby making Michael one of the five highest paid officers of plaintiff. Defendants then informed plaintiff that it was in violation of Banking Law § 246 (4) (b), which prohibits a person from serving as trustee of a savings bank if that person's child is one of the five highest paid salaried officers of the bank. Plaintiff

disagreed with defendants' interpretation, claiming that, despite his son's position, Robert M. Kallet was serving as trustee on September 1, 1971 and, therefore, he was statutorily permitted to continue serving as trustee under the grandfather clause contained in Banking Law § 246 (4). Defendants, however, contended that the grandfather clause applied only to those trustees who were violating the statute on September 1, 1971, which was not Robert M. Kallet's situation. Plaintiff then commenced this declaratory judgment action and Special Term, concluding that the statute was not ambiguous and that the grandfather clause clearly applied to Robert M. Kallet because he was a trustee on September 1, 1971, granted plaintiff's motion for summary judgment. Defendants' appeal followed.

The interpretation of Banking Law § 246 (4) does not require any special knowledge or competence on the part of the administrative agency and, thus, we agree with Special Term that we need not defer to defendants' interpretation (*see, Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). Indeed, the language is clear and unambiguous and the meaning of the statute can be readily determined without the aid of any extrinsic material (*see, e.g.*, McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]; § 94).

The grandfather clause of Banking Law § 246 (4) provides that, "No trustee in office on September first, nineteen hundred seventy-one shall be ineligible for the office of trustee by reason of the provisions of this subdivision." Clearly, this provision applies to any trustee in office on September 1, 1971 and not only to trustees who were violating the substantive provisions of Banking Law § 246 (4) on September 1, 1971. Had the Legislature desired or intended to limit the application of the grandfather clause to trustees who were violating the substantive provisions of the statute on September 1, 1971, it could have done so. Having used the clear and unambiguous language found in the statute, the Legislature obviously chose not to so limit the scope of the grandfather clause. Accordingly, we agree with Special Term that the grandfather clause contained in Banking Law § 246 (4) applies to Robert M. Kallet, who, having been a trustee of plaintiff on September 1, 1971, is therefore not ineligible for the office of trustee of plaintiff by reason of his son's employment as one of the five highest paid salaried officers of plaintiff.

Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.