■ In the Matter of ROCHESTER COMMUNITY SAVINGS BANK, Respondent, v BOARD, OF ASSESSORS OF CITY OF ROCHESTER et al., Appellants. (And Six Other Proceedings.) [669 NYS2d 1008] —Order insofar as appealed from unanimously reversed on the law without costs, motions denied, cross motions granted and recommenced proceedings dismissed. Memorandum: Each of the six petitioners in this consolidated appeal commenced RPTL article 7 proceedings by filing a notice of petition and petition on May 31, 1996, the last day of the 30-day Statute of Limitations (*see*, RPTL 702 [2]). However, each petitioner failed to file an affidavit of service within 15 days of the expiration of the Statute of Limitations, as required by CPLR former 306-b (a). Each petitioner recommenced the proceeding on July 31, 1996 and filed proof of service on August 1, 1996. Respondents did not answer or otherwise appear in the original or recommenced proceedings. Each petitioner moved, *inter alia*, for an order declaring that each proceeding was recommenced timely pursuant to CPLR 205 (a). Respondents cross-moved to dismiss the original proceedings because petitioners failed to file affidavits of service within 15 days of the expiration of the Statute of Limitations and to dismiss the recommenced proceedings because none was recommenced within 15 days of the date on which the proceeding was deemed dismissed, as required by CPLR former 306-b (b). Respondents contended that CPLR 205 (a) did not apply because it was preempted in the specific circumstance of these proceedings by the unambiguous language of CPLR former 306-b (b). Although it agreed with respondents' contention, Supreme Court determined that it was bound by *Matter of Winston v Freshwater Wetlands Appeals Bd.* (224 AD2d 160) to conclude that CPLR 205 (a) had not been preempted by CPLR former 306-b (b) and that the proceedings were recommenced within the six-month extension provided by CPLR 205 (a). We disagree with the analysis of the Second Department in *Winston*. We conclude that CPLR former 306-b (b) requires that, where a proceeding is dismissed for failure to file proof of service, a new proceeding must be recommenced within 15 days of the dismissal. Thus, we grant the cross motions insofar as they seek to dismiss the recommenced proceedings.

CPLR former 306-b (b) provides in relevant part: "If an action dismissed for failure to file proof of service pursuant to this section or for failure to effect proper service was timely commenced, the plaintiff may commence a new action,

despite the expiration of the statute of limitations * * * Where the claim asserted is in a proceeding against a body or officer which must be commenced within four months or less, the plaintiff must commence the new action and serve the defendant with[in] fifteen days of such dismissal." The statutory language is unambiguous. "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation" (McKinney's Cons Laws of NY, Book 1, Statutes § 76, at 168; *see, People ex rel. New York Cent. & Hudson Riv. R. R. Co. v Woodbury*, 208 NY 421, 424-425; *Oneida Sav. Bank v Tese*, 108 AD2d 1042, 1043), and the intent of the Legislature must be discerned from the language of the statute (*see, Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 565; *Roth v Michelson*, 55 NY2d 278, 283) without resort to extrinsic material such as legislative history or memoranda (*see, Matter of Allstate Ins. Co. v Libow*, 106 AD2d 110, 114, *affd* 65 NY2d 807). The meaning of CPLR former 306-b (b) is clear: where a special proceeding is deemed dismissed for failure to file proof of service, a new special proceeding *must* be commenced within 15 days of the dismissal. Because the Statute of Limitations for commencement of most special proceedings is four months (*see,* CPLR 217) and in RPTL proceedings is 30 days (*see,* RPTL 702 [2]), application of CPLR 205 (a) would in this circumstance render CPLR former 306-b (b) a nullity, a construction we must avoid (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 144). Moreover, CPLR former 306-b (b) was enacted to govern the recommencement of proceedings that have been dismissed for failure to file proof of service, and the more general language in CPLR 205 (a) should not be interpreted to overrule CPLR former 306-b (b) (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 238).

Although the Court in *Winston* acknowledged respondents' argument that the effect of the Court's determination would render CPLR former 306-b (b) meaningless (*see, Matter of Winston v Freshwater Wetlands Appeals Bd., supra,* at 168), it nevertheless rejected the unambiguous language of that provision in favor of an application of CPLR 205 (a) based upon legislative memoranda and a comment in the Governor's Bill Jacket that also are contrary to the unambiguous meaning and effect of CPLR former 306-b (b). In our view, the analysis in *Winston* is contrary to the relevant principles of statutory construction and should not be followed.

It is not necessary to reach respondents' contention that, by failing to file affidavits of service, petitioners failed to acquire

personal jurisdiction and thus that the six-month extension of CPLR 205 (a) is not applicable. Were we to reach the issue, we would conclude that the failure to file affidavits of service is not a jurisdictional defect. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—RPTL.) Present—Green, J. P., Hayes, Callahan, Balio and Fallon, JJ.