# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**667**

**CA 11-02505**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF COUNTY OF NIAGARA,
PETITIONER-RESPONDENT,

V                                                MEMORANDUM AND ORDER

RICHARD F. DAINES, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF HEALTH, AND NEW YORK STATE
DEPARTMENT OF HEALTH, RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER E. BUCKEY OF
COUNSEL), AND NANCY ROSE STORMER, P.C., UTICA, FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 3, 2011 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted in part the petition and directed respondents to pay petitioner $62,831.58.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by deleting that part of the first decretal paragraph following the words "are hereby rejected" until the words "and it is further," and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to compel respondents to reimburse it for $62,831.58 in medical assistance payments that it made on behalf of a specified individual. Respondents contend on appeal that Supreme Court erred in directing them to pay petitioner's claim. In addition, they contend that the court erred in directing them to use a certain type of report to determine future claims for similar "621-eligible expenditures" (*see* L of 1974, chs 620, 621), i.e., medical assistance expenditures made by a social services district for persons who are discharged or released after spending at least five years in a state mental hygiene facility.

Initially, we note that judicial review of an interpretation by an administrative agency of the statutes governing its operations varies, depending on the nature of the determination to be reviewed. "Where interpretation involves knowledge and understanding of underlying operational practices or entails an evaluation of factual

data within the agency's particular expertise . . ., great deference
is accorded the agency's judgment . . . On the other hand, where as
here, the question is one of pure statutory construction dependent
only on accurate apprehension of legislative intent [with] little
basis to rely on any special competence . . ., judicial review is less
restricted as statutory construction is the function of the courts"
(*Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47-48
[internal quotation marks omitted]; *see Matter of Toys "R" Us v Silva*,
89 NY2d 411, 418-419).

We conclude that the court's judicial review of the
interpretation by respondents of Social Services Law § 365 (5) was
proper, and thus that the court properly directed respondents to pay
the claim. " 'Where words of a statute are free from ambiguity and
express plainly, clearly and distinctly the legislative intent, resort
may not be had to other means of interpretation' . . ., and the intent
of the Legislature must be discerned from the language of the statute
. . . without resort to extrinsic material such as legislative history
or memoranda" (*Matter of Rochester Community Sav. Bank v Board of
Assessors of City of Rochester*, 248 AD2d 949, 950, *lv denied* 92 NY2d
811; *see Matter of County of Niagara v Daines*, 91 AD3d 1288, 1289).
In addition, "[t]he maxim *expressio unius est exclusio alterius* is
applied in the construction of the statutes, so that where a law
expressly describes a particular act, thing or person to which it
shall apply, an irrefutable inference must be drawn that what is
omitted or not included was intended to be omitted or excluded"
(McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see Golden v
Koch*, 49 NY2d 690, 694).

Here, Social Services Law § 365 (5) states that "the [D]epartment
[of Health (DOH)] shall be responsible for determining eligibility of
and furnishing medical assistance to [an] eligible person[] when such
person is in need of such medical assistance at the time he [or she]
is *discharged or released* or *conditionally released* from a state
department of mental hygiene facility pursuant to the mental hygiene
law when such person was admitted to such facility and has been a
patient therein for a continuous period of five or more years prior to
his *discharge or release*" (emphasis added). Thus, the term
"conditionally released" is included only in the initial part of the
sentence, which defines those patients who are eligible for medical
assistance, and it is excluded from the second part of the sentence,
which sets the period of time in which those patients must have been
admitted to a mental hygiene facility. The term "discharge or
release," on the other hand, is included in both parts of the
sentence. In addition, in three other instances in the following
sentence in subdivision (5), a variant of the term "discharge or
release" is used to define the parameters of the five-year period, but
the term "conditionally released" is not included in that sentence.
Thus "an irrefutable inference must be drawn that [the term
'conditionally released'] was intended to be omitted or excluded" from
the parts of the statute that delineate the period of time in which a
patient must have been admitted to a mental hygiene facility (Statutes
§ 240). We therefore agree with petitioner that the five-year period
is not tolled where, as here, a patient is only conditionally released

from a mental hygiene facility, rather than released or discharged, before the expiration of the five-year period.  Consequently, the DOH's interpretation of the statute is "affected by an error of law" (CPLR 7803 [3]), and thus the court properly directed respondents to pay petitioner the amount sought.

We agree with respondents, however, that the court erred in directing them to rely upon a certain type of report when determining whether a person is "621-eligible" with respect to future claims. Although respondents raise that contention for the first time on appeal and it therefore is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985), we nevertheless cannot allow what constitutes an improper advisory opinion to stand (*see Matter of County of Niagara v Daines*, 79 AD3d 1702, 1705-1706, *lv denied* 17 NY3d 703; *see generally New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531).  We therefore modify the judgment accordingly.

We have reviewed respondents' remaining contentions and conclude that they are without merit, or are moot in light of our determination.

Entered:  June 8, 2012                         Frances E. Cafarell
                                               Clerk of the Court