# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350

CA 15-02034

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

IN THE MATTER OF KAMALA D. HARRIS, ATTORNEY
GENERAL OF STATE OF CALIFORNIA,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SENECA PROMOTIONS, INC., RESPONDENT.
--------------------------------------------
NATIVE WHOLESALE SUPPLY COMPANY, APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PATRICK J. MACKEY OF
COUNSEL), FOR APPELLANT.

NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (James H.
Dillon, J.), entered December 2, 2015.  The order denied the motion of
appellant Native Wholesale Supply Company for a protective order and
directed respondent Seneca Promotions, Inc., to comply with the
disclosure demands of petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this special proceeding seeking
to compel respondent to comply with an out-of-state subpoena that was
signed by a judge of the Sacramento County Superior Court in the State
of California.  The subpoena seeks documents and testimony from
respondent relating to petitioner's investigation into the
distribution and promotion of contraband cigarettes in California.
Attached to the subpoena are lists of the documents to be produced and
the matters on which a witness provided by respondent is to be
examined.  Among the matters on which respondent's witness is to be
examined is respondent's relationship with nonparty Native Wholesale
Supply Company (NWSC).

NWSC appeals from an order that denied its motion for a
protective order and directed respondent to comply fully with the
subpoena by producing the documents specified by petitioner and a
witness qualified to testify on all of the topics listed in the
subpoena.  This Court denied NWSC's motion to stay the order pending
appeal, and respondent produced documents and witnesses in response to
the subpoena.  Nothing produced by respondent concerned NWSC, and the

witnesses produced by respondent offered no testimony with respect to respondent's relationship with NWSC. Petitioner thereafter moved for an order compelling respondent to produce a further witness. After that motion was denied and no appeal was taken, petitioner moved to dismiss the instant appeal as moot. This Court denied that motion without prejudice.

We reject petitioner's contention, renewed in her brief on appeal, that the appeal should be dismissed as moot. There is no question that "[t]he jurisdiction of this Court extends only to live controversies . . . [, and w]e are thus prohibited from giving advisory opinions or ruling on 'academic, hypothetical, moot, or otherwise abstract questions' " (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811, *cert denied* 540 US 1017). Contrary to petitioner's contention, we conclude that a live controversy remains with respect to petitioner's authority under the subpoena to obtain information from respondent concerning its relationship with NWSC. Petitioner's investigation is ongoing, petitioner did not withdraw the subpoena or supply an affidavit averring that no further enforcement measures would be undertaken, and the representation of petitioner's counsel that petitioner will not seek further enforcement of the subpoena does not "constitute an enforceable guarantee" (*Matter of Sabol v People*, 203 AD2d 369, 370). In any event, we agree with NWSC that, even if the appeal has been rendered moot, the factors triggering the exception to the mootness doctrine are present, i.e., "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).

On the merits of the appeal, however, we agree with petitioner that Supreme Court properly exercised its discretion in denying NWSC's motion for a protective order. At the outset, we note that NWSC, as an entity "about whom discovery is sought," has standing to move for a protective order (CPLR 3103 [a]). Also at the outset, we conclude that NWSC is not judicially estopped from taking the position that CPLR 3119 does not apply to the subpoena, inasmuch as the record does not support petitioner's contention that NWSC took a contrary position in its papers supporting the motion.

Nevertheless, we agree with petitioner that CPLR 3119 applies to this out-of-state subpoena issued in connection with an investigation undertaken by petitioner as Attorney General of the State of California (*see Hyatt v State of Cal. Franchise Tax Bd.*, 105 AD3d 186, 199-201). Contrary to the contention of NWSC, nothing in the language of the statue limits its scope to subpoenas issued in civil litigation, and NWSC may not rely upon the title of the bill and statements of its sponsor to create ambiguity where the statutory language is clear and unambiguous. " 'Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation' . . . , and the intent of the Legislature must be discerned from the language of the statute . . . without resort to

extrinsic material such as legislative history or memoranda" (*Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester*, 248 AD2d 949, 950, *lv denied* 92 NY2d 811).

The record does not support NWSC's contention that it was not afforded an opportunity to challenge the subpoena, inasmuch as the court considered NWSC's position when it entertained NWSC's application for a protective order pursuant to CPLR 3119 (e).  We reject NWSC's further contention that it had no obligation to specify the information that it sought to protect from disclosure in making that application.  To the contrary, as the entity resisting compliance with the subpoena, NWSC had the burden of demonstrating that the information sought was irrelevant to petitioner's investigation (*see Matter of Kapon v Koch*, 23 NY3d 32, 38-39), and NWSC made no attempt to meet that burden.

Finally, NWSC did not request a hearing on the issue whether sovereign immunity bars enforcement of the subpoena, and thus failed to preserve for our review its present contention that the matter should be remitted for that purpose (*see Sharlow v Sharlow*, 77 AD3d 1430, 1432).  Nor did NWSC allege facts sufficient to warrant the court to determine, sua sponte, that a hearing was warranted (*see generally Sue/Perior Concrete Paving, Inc. v Lewiston Golf Course*, 24 NY3d 538, 546-547, *rearg denied* 25 NY3d 960).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court