Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered October 2, 2017 in a proceeding pursuant to the Election Law. The order dismissed the petition and directed the Jefferson County Board of Elections to place respondent Anthony M. Neddo on the November ballot under the Law and Order Party designation for the office of Watertown City Court Judge.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking to invalidate the independent nominating petition for Anthony M. Neddo (respondent) for the office of Watertown City Court Judge. On August 16, 2017, respondent filed his independent nominating petition as a candidate for that office on behalf of the Law and Order Party with the Jefferson County Board of Elections. Insofar as relevant to this appeal, petitioner sought to invalidate respondent’s independent nominating petition on the ground that respondent himself had improperly witnessed the vast majority of signatures thereon because he had previously signed his own Republican designating petition naming him as a candidate for that same office. Supreme Court denied petitioner’s requested relief and determined that respondent could properly sign as a witness his “Law and Order Party petition [ ] after he signed his own Republican Party petition.” We affirm.
 

 Election Law § 6-140 (1) (b) provides that “[tjhere shall be appended at the bottom of each sheet [of the independent nominating petition] a signed statement of a witness who is a duly qualified voter of the state” (emphasis added). Contrary to petitioner’s contention, the statute does not contain any prohibition against respondent signing as a witness his own independent nominating petition after he had previously signed his own Republican designating petition. We see no reason to “ ‘resort to extrinsic material’ ” to interpret the statute inasmuch as the wording of the statute itself is clear and unambiguous (Matter of Harris v Seneca Promotions, Inc., 149 AD3d 1508, 1510 [4th Dept 2017]; see Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester, 248 AD2d 949, 950 [4th Dept 1998], lv denied 92 NY2d 811 [1998]; see also McKinney’s Cons Laws of NY, Book 1, Statutes §76).
 

 Petitioner’s reliance on Matter of Rue v Hill (287 AD2d 781 [3d Dept 2001], lv denied 97 NY2d 602 [2001]) is misplaced. Rue was decided before Election Law § 6-140 (1) (b) was amended in 2009 and, given the nature of the amendment, we conclude that the holding of Rue is not applicable to the case before us.
 

 We have considered petitioner’s remaining contentions and conclude that they are without merit.
 

 Present — Garni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.