In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees’ Retirement System, dated December 3, 2013, which declined to recalculate the petitioner’s final average salary in connection with her application for pension benefits, Diane D’Alessandro, as Executive Director of the New York City Employees’ Retirement System, and the New York City Employees’ Retirement System appeal from a judgment of the Supreme Court, Kings County (Saitta, J.), dated August 14, 2015, which granted the petition, annulled the determination, and directed the New York City Employees’ Retirement System to recalculate the petitioner’s final average salary and pension benefits based upon the combined salaries of her full-time employment by the City of New York and her concurrent part-time employment by the State of New York during the relevant period.
 

 Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
 

 The petitioner was a long-time employee of both the State of New York, with the New York State Office for People With Developmental Disabilities (hereinafter OPWDD), and the City of New York, with the Department of Housing Preservation and Development (hereinafter HPD). She was a member of both the New York State and Local Retirement System (hereinafter NYSLRS) and the New York City Employees’ Retirement System (hereinafter NYCERS). Beginning in approximately 1993, and continuing to her retirement, the petitioner was a part-time employee of OPWDD and a full-time employee of HPD. In January 2013, in anticipation of her retirement, the petitioner filed an application to transfer her membership in NYSLRS to NYCERS. She received service credit for her employment with the State and with the City, but in calculating her “final average salary” (Retirement and Social Security Law § 608) and her annual pension, NYCERS considered only the petitioner’s salary from her employment with HPD. When the petitioner asked that her OPWDD earnings and HPD earnings be aggregated, NYCERS informed her that the applicable statutory provision did not permit aggregation of her OPWDD earnings and her HPD earnings.
 

 The petitioner commenced this proceeding pursuant to CPLR article 78 against NYCERS and its Executive Director, contending that NYCERS’s determination was, inter alia, arbitrary and capricious. The Supreme Court granted the petition, and NYCERS and its Executive Director appeal. We reverse.
 

 In recognition that government workers sometimes shift employment between public employers with different retirement systems, the Legislature enacted provisions permitting, and governing, the transfers of memberships from one public retirement system to another (see Retirement and Social Security Law § 43). The member is entitled to credit for his or her service in the first system, as calculated by the first system, but the calculation of the pension itself is controlled by the second system: “[s]uch member . . . shall be given such status and credited with such service in the second retirement system as he was allowed in the first retirement system. Such contributor, notwithstanding any other provision of law, shall on retirement be entitled to a pension based on salary earned during member service in both retirement systems together, pursuant to the statutory requirements of the second retirement system” (Retirement and Social Security Law § 43 [d] [emphasis added]).
 

 It is undisputed that, with respect to the petitioner, NYCERS is the “second retirement system.” NYCERS’s relevant “statutory requirements” are contained in section 13-638.4 of the Administrative Code of the City of New York (“Membership rights in NYCERS and BERS for part-time service; credit for service; dual employment provisions; membership rights for school crossing guards”). The provisions of that section relating to when members of NYCERS are entitled to aggregation of salaries for “dual service” are detailed and specific. Among other requirements, the salaries sought to be aggregated must, as relevant here, all result from “city-service” (Administrative Code of City of NY §§ 13-101 [3]; 13-638.4 [a] [2]; [f] [5]). Under the clear definition of that term (see Administrative Code § 13-101 [3]), the petitioner’s employment by OPWDD is not “city-service.” In concluding otherwise, the Supreme Court found that the absence of a specific exclusion for the petitioner’s salary with OPWDD was controlling. The court erred in its interpretation of the statute. “The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; see Golden v Koch, 49 NY2d 690, 694 [1980]; Town of Aurora v Village of E. Aurora, 149 AD3d 1506, 1508 [2017], lv granted 29 NY3d 919 [2017]).
 

 The petitioner’s remaining contention is without merit (see Matter of Galanthay v New York State Teachers’ Retirement Sys., 50 NY2d 984, 986 [1980]; Holdman v Office of Ct. Admin., 118 AD3d 447, 448 [2014]; Matter of Scheurer v New York City Employees’ Retirement Sys., 223 AD2d 379, 379-380 [1996]).
 

 Inasmuch as the determination that the petitioner is not entitled to inclusion of her OPWDD earnings in the calculation of her “final average salary” was not arbitrary and capricious or affected by an error of law, the Supreme Court should have denied the petition and dismissed the proceeding on the merits (see Matter of Kivo v Levitt, 50 NY2d 1017, 1018 [1980]).
 

 Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.