Matter of Benjamin v New York City Employees Retirement Sys. (2019 NY Slip Op 01593)





Matter of Benjamin v New York City Employees Retirement Sys.


2019 NY Slip Op 01593


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-07754
 (Index No. 7222/15)

[*1]In the Matter of Joseph Benjamin, petitioner-respondent,
v
New York City Employees Retirement System, et al., appellants, et al., respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Marta Ross of counsel), for appellants.
Yoram M. Nachimovsky, PLLC, New York, NY (Nicholas S. Ratush of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees Retirement System dated March 11, 2015, declining to include the salary the petitioner received from the City University of New York in his final average salary, the New York City Employees Retirement System, City of New York Department of Citywide Administrative Services, and City University of New York appeal from a judgment of the Supreme Court, Kings County (Martin M. Solomon, J.), dated June 10, 2016. The judgment granted the petition and directed the New York City Employees Retirement System to include the salary the petitioner received from the City University of New York in his final average salary.
ORDERED that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
The petitioner was employed for many years in both a full-time position with the New York City Housing Authority (hereinafter Housing Authority) and a part-time position as an adjunct lecturer with the City University of New York (hereinafter CUNY). The petitioner joined the New York City Employees Retirement System (hereinafter NYCERS) on January 5, 1981. The petitioner was never a member of the Teachers' Retirement System of the City of New York (hereinafter TRS).
In April 2014, the petitioner filed his retirement application with NYCERS. In calculating his "final average salary" (Retirement and Social Security Law § 608) and his annual pension, NYCERS considered only the petitioner's earnings from his employment with the Housing Authority. When the petitioner asked that his CUNY earnings and his Housing Authority earnings be aggregated, NYCERS informed him, in a determination dated March 11, 2015, that the title of adjunct lecturer was a non-eligible NYCERS title, and therefore his earnings while employed with CUNY were not included in the final average salary computation upon which his pension was based.
The petitioner commenced this proceeding pursuant to CPLR article 78 against NYCERS, among others, to review the determination dated March 11, 2015, contending that the determination was arbitrary and capricious. In the judgment appealed from, the Supreme Court [*2]granted the petition and directed NYCERS to include the salary the petitioner received from CUNY in his final average salary.
Section 13-638.4 of the Administrative Code of the City of New York (hereinafter Administrative Code) specifies when members of NYCERS are entitled to aggregation of salaries for "dual employment." Among other requirements, the salaries sought to be aggregated must, as relevant here, all result from "city-service" (Administrative Code §§ 13-101[3]; 13-638.4[a][2]; [f][5]). Contrary to the determination of the Supreme Court, we conclude that, because the petitioner was eligible for membership in the TRS, his employment with CUNY was not "city-service," as defined by Administrative Code § 13-101(3).
In concluding that the petitioner's employment with CUNY was "city-service," the Supreme Court relied upon language contained in Administrative Code § 13-563. That section, in relevant part, extended membership in TRS to all lecturers employed by CUNY who serve on a "per hour, per diem, per monthly or per semester basis, . . . provided however that such lecturers are not members of any other retirement system supported in whole or in part by the city" (Administrative Code § 13-563). We disagree with the court's interpretation of that section of the Administrative Code, and the court's reasoning that because the petitioner was a member of NYCERS, he was not eligible for membership in TRS. As a result of the petitioner's employment with both the Housing Authority and CUNY, he was eligible for membership in either NYCERS or TRS, but not both (see Administrative Code § 13-104[3]; Matter of Zimet v Teachers' Retirement Bd., 34 NY2d 870). The petitioner chose NYCERS. The court's interpretation had the effect of rewriting the definition of "city-service" to include any city employee who is both NYCERS and TRS eligible, regardless of which retirement system they choose, and created a new, unpermitted exception to the dual employment provisions in the Administrative Code. "The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240; see Golden v Koch, 49 NY2d 690, 694).
Inasmuch as the determination that the petitioner is not entitled to inclusion of his CUNY earnings in the calculation of his final average salary was not arbitrary or capricious or affected by an error of law, the Supreme Court should have denied the petition and dismissed the proceeding on the merits (see Matter of Kivo v Levitt, 50 NY2d 1017, 1018; Matter of Awe v D'Alessandro, 154 AD3d 932, 934).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court