Matter of American Express Co. v United States Virgin Is. Dept. of Justice (2019 NY Slip Op 08618)





Matter of American Express Co. v United States Virgin Is. Dept. of Justice


2019 NY Slip Op 08618


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


150053/18 10496NA 10496N

[*1] In re American Express Company, Petitioner-Appellant,
v
United States Virgin Islands Department of Justice, et al., Respondents-Respondents.


Wilmer Cutler Pickering Hale and Dorr LLP, New York (David S. Lesser of counsel), for appellant.
Motley Rice LLC, New York (David I. Ackerman of counsel), for respondents.



Orders, Supreme Court, New York County (John J. Kelley, J.), entered August 30, 2018, which denied the petition to quash the subpoena and granted respondents' motion to dismiss the proceeding, unanimously reversed, on the law, without costs, the petition granted, the subpoena quashed and the motion to dismiss denied.
Petitioner seeks to quash a subpoena issued by the Attorney General and Commissioner of the Department of Licensing and Consumer Affairs of the United States Virgin Islands (USVI).
The motion court improvidently exercised its discretion in dismissing the instant action in favor of the related USVI action.
Although the USVI action was filed first, it was only first by a few hours (see L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 9 [1st Dept 2007]; Seaboard Sur. Co. v Gillette Co., 75 AD2d 525, 525 [1st Dept 1980]). Moreover, respondents at least arguably induced petitioner to delay filing this action and filed the USVI action preemptively before the deadline to respond to the subpoena expired (see IRX Therapeutics, Inc. v Landry, 150 AD3d 446, 447 [1st Dept 2017]; L-3, 45 AD3d at 8-9; White Light Prods. v On the Scene Prods., 231 AD2d 90, 100 [1st Dept 1997]).
While the USVI clearly has a significant interest in protecting its residents from unfair business practices, the more pressing concern at this stage - when all that is at issue is a subpoena seeking information, not an enforcement action - is the protection of the party from whom discovery is being sought from unreasonable or burdensome discovery requests (see Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 200-201 [2d Dept 2013]; see also CPLR 3119[e]).
The petition to quash should have been granted.
The subpoena is preempted by federal law insofar as it seeks documents from American Express Centurion Bank and American Express Bank, FSB, which entities have since merged into American Express National Bank, a federally chartered national bank (see 12 USC § 484[a]; Cuomo v Clearing House Assn., L.L.C., 557 US 519, 524-525, 535-536 [2009]; Watters v Wachovia Bank, N.A., 550 US 1, 13 [2007], superseded by statute on other grounds as stated in Gordon v Kohl's Dept. Stores, Inc., 172 F Supp 3d 840, 863-864 [ED Pa 2016]). Even if respondents limited their investigation to conduct occurring prior to the merger, the result would be the same (see Capital One Bank (USA), N.A. v McGraw, 563 F Supp2d 613, 621-622 [SD W Va 2008]).
The subpoena also failed to meet the procedural requirements for out-of-state subpoenas because it was not issued "under authority of a court of record" (see generally CPLR 3119[a][1], [4]; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, C3119:2). Although the subpoena need not have been issued in connection with a pending litigation, there [*2]must have been some court involvement, such as the issuance of a commission by a state court clerk or signature of the subpoena by a state court judge (see e.g. Matter of Harris v Seneca Promotions, Inc., 149 AD3d 1508, 1509-1510 [4th Dept 2017]; Hyatt, 105 AD3d at 191-192, 199-200; see also CPLR 2308[a]; Connors at C3119:2). We reject respondents' argument that administrative subpoenas are outside the scope of CPLR 3119 and not subject to any restrictions on issuance.
In light of our disposition of these issues, we need not reach petitioner's remaining arguments for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK