Matter of Nespoli v Board of Trustees of the N.Y. City Employees' Retirement Sys. (2022 NY Slip Op 03052)





Matter of Nespoli v Board of Trustees of the N.Y. City Employees' Retirement Sys.


2022 NY Slip Op 03052


Decided on May 05, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 


Index No. 159601/16 Appeal No. 15885 Case No. 2021-02096 

[*1]In the Matter of Harry Nespoli etc., et al., Petitioners-Appellants,
v
Board of Trustees of the New York City Employees' Retirement System et al., Respondents-Respondents.


Stroock & Stroock & Lavan LLP, New York (Dina Kolker of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered May 11, 2021, denying the petition to annul a determination of respondent Board of Trustees of New York City Employees' Retirement System (NYCERS), which reclassified petitioners from Tier 4 to revised Tier 3/Tier 6 membership, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners, who were members of NYCERS and other New York City and State retirement systems, left their previous jobs within the various retirement systems and were hired as uniformed sanitation workers within NYCERS after April 1, 2012. When petitioners became sanitation workers, they were placed in tier 4 of NYCERS based on their prior participation in public employee retirement systems. However, in 2016, NYCERS determined that it had made an error, and therefore reclassified petitioners' memberships, moving them from the tier 4 Sanitation 20-Year retirement plan (SA-20) under Retirement and Social Security Law article 15 to the revised tier 3/tier 6 Sanitation 22-Year retirement plan (SA-22) under Retirement and Social Security Law article 14.
The decision to reclassify petitioners' memberships was not affected by an error of law (CPLR 7803[3]). Under article 15, participation in SA-20 for a "sanitation member who becomes subject to the provisions of this article on or after" July 24, 1992 was to be effective "on the date he or she becomes such a sanitation member" (Retirement and Social Security Law § 604-a[b][4]). However, under the 2012 amendments to the Retirement and Social Security Law, article 15 does not apply to "[m]embers of the uniformed force of the New York city department of sanitation who join or rejoin a public retirement system of the state on or after" April 1, 2012 (Retirement and Social Security Law § 600[a][6]). Instead, article 14 applies to "a member who becomes subject to the provisions of this article on or after" April 1, 2012 "who is a member of either the uniformed force of the New York city department of correction or the uniformed force of the New York city department of sanitation" (Retirement and Social Security Law § 501[25]). Read together, these provisions determine whether a sanitation worker is subject to the SA-20 or SA-22 plan, based on the date that he or she becomes a sanitation member (see Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 721 [2012]; Matter of Ly v New York City Empls. Retirement Sys., 189 AD3d 1410, 1412 [2d Dept 2020]).
The legislative history of the amendment supports the conclusion that "new . . . uniformed sanitation . . . members" such as petitioners, who were not sanitation members before April 1, 2012, would be given the "modified Tier 3 police/fire benefits" provided in SA-22 (Bill Jacket, L 2012, ch 18 at 2). The Retirement and Social Security Law transfer provision, which applies to two of the five individual petitioners, entitles them to credit for prior service[*2]. It does not affect the date that they became uniformed sanitation members (Retirement and Social Security Law § 43[b]; compare Matter of Awe v D'Alessandro, 154 AD3d 932, 933 [2d Dept 2017] [entitled to credit for prior service but benefits calculated under second system]). Nor does the Retirement and Social Security Law reinstatement provision, which applies to one of the petitioners, require a different result (see Retirement and Social Security Law § 645). Retirement and Social Security Law § 645, when read as a whole, entitles a member who has withdrawn from a retirement system to seek reinstatement upon the payment of the withdrawn funds. The effect of reinstatement is to give the member credit for prior service. It does not affect the date that the reinstated member becomes a uniformed sanitation member (Retirement and Social Security Law § 645[2]). Instead, the provision reinforces the conclusion that the person "rejoin[ed]" a retirement system when he or she became a sanitation worker (Retirement and Social Security Law § 600[a][6]).
Petitioners' reclassification did not violate the New York State Constitution (NY Const art V, § 7[a]), since "petitioners were never entitled to [SA]-20 benefits to begin with and, thus, did not have a contractual right to those benefits" (Matter of Ly, 189 AD3d at 1413).
We reject petitioners' argument regarding equitable estoppel. NYCERS is mandated by statute to correct errors in administration of retirement benefits (Administrative Code of City of NY § 13-182). As a result, equitable estoppel may not be invoked to prevent it from reclassifying petitioners' memberships (see Matter of Ly, 189 AD3d at 1413-1414).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022